# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTIES OF SUFFOLK AND NANTUCKET,
### MARCH TERM 1826, AT BOSTON

PRESENT :

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

---

## Jonathan Merry *versus* Martin Gay.*

In an action of *covenant* a plea of *non est factum* may be joined with a plea of payment.

*Nov. term 1825.* Action of *covenant broken*, on a charter-party. Under leave to plead double, the defendant filed a plea of *non est factum*, and also of payment.

*Leland*, for the plaintiff, moved the Court to set aside these pleas for repugnancy. In support of the motion, he relied upon the observations of *Jackson* J. in *Alderman* v. *French*, 1 Pick. 13, 14, and the cases there cited.

*Metcalf*, *contrà*, said it seemed not to have been considered, that all the cases, in which it had been held that these pleas *could not* be joined, were in the Court of Common Pleas, where by the former practice the defendant was required, on

---

* The Reporter is indebted to Mr. Metcalf for the report of this case.

moving for leave to plead double, to state what pleas he intended to file, and the court refused leave, whenever they regarded the proposed pleas as inconsistent or unnecessary; and that much less liberality prevailed in that court than in the King's Bench, where leave to plead double is allowed of course, as in this Court, and without inquiry concerning the matters to be pleaded. 1 Archbold's Pract. 123; 1 Tidd's Pract. (1st Am. ed.) 609 *et seq.* In 1 Sellon's Pract. 299, is a case in which *Buller* J. overruled a motion to set aside the pleas of *non est factum, solvit ad diem* and *solvit post diem,* stating the different practice of the two courts. And even in the Common Pleas, the former strictness is relaxed. *Wilson v. Ames,* 5 Taunt. 340. In *Cutts v. United States,* 1 Gallis. 69, the general issue and payment were pleaded without objection. Remarks of *Duncan* J. in *Rogers et al.* v. *Old,* 5 Serg. & Rawle, 411. The only pleas that are now disallowed, on the ground of inconsistency, are those of the general issue and a tender. Stephen on Pleading, 293.

PARKER C. J., after advising with the other judges, said the Court were less concerned to ascertain the preponderance of authority in the English books, than to adopt the most reasonable and beneficial rule for their own guidance; that the practice of this Court, in regard to granting leave to plead double, more resembled that of the King's Bench, than that of the Common Pleas at the time of the decisions cited by the plaintiff's counsel; that in all courts less strictness on this subject now prevailed than formerly; and that as it might not unfrequently be important to a defendant to have the benefit of both these pleas, especially in actions of debt and covenant, the Court were unanimously of opinion, that the pleas were well pleaded together.[1]

*Plaintiff took nothing by his motion.*

---

[1] It appears to be generally understood as a sound rule, at the present day, that mere inconsistency between two or more pleas in bar is no objection to their being pleaded together. Gould's Pleading, 434; Chitty's Pl. (6th Am ed.) 592 to 595. See *Union Bank* v. *Ridgley,* 1 Harr. & Gill, 324; *Wilson* v *Ames,* 5 Taun. 340; *Pleading several matters,* 3 Bingh. 635.